UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

BRENDAN D. HAROLD,                )
                                  )
              Plaintiff,          )
                                  )
v.                                )      Civil Action No. 1:12-cv-389
                                  )
LEFFLER & MOSLEY, P.C.            )
DEFINED BENEFIT PENSION           )
PLAN, et al.,                     )
                                  )
              Defendants.         )

MEMORANDUM OPINION

This matter comes before the Court on Defendants Leffler &

Mosley, P.C. Defined Benefit Pension Plan (the "Plan"), the Plan

Administrator of the Leffler & Mosley, P.C. Defined Benefit

Pension Plan, Plan Sponsor, Leffler & Mosley, P.C., and Rodney

G. Leffler's ("Leffler") (collectively, "Defendants") Motion for

Partial Judgment on the Pleadings.  This case concerns Plaintiff

Brendan D. Harold's allegations that Leffler, in addition to

unlawfully interfering with Plaintiff's attainment of rights

under the Plan, wrongfully withheld vested plan benefits in

violation of the Employee Retirement Income Security Act of

1974, as amended ("ERISA"), 29 U.S.C. §§ 1001 et seq. (West

2012).  There are two issues before the Court.  The first issue

is whether the Plaintiff is precluded from asserting a claim for

individualized equitable relief in Count III while

simultaneously asserting claims for relief under ERISA's statutory scheme in Counts I and II.  The second issue is whether the Plaintiff sets forth sufficient allegations concerning the ERISA discrimination claims in Count V.

Leffler & Mosley, P.C. is law firm in Fairfax County, Virginia.  Rodney G. Leffler is a director, shareholder, officer and named principal of the firm.  On December 26, 2001, the law firm adopted a defined benefit pension plan within the meaning of ERISA § 3(2)(A) and named Leffler as the Plan's trustee.  The Plan provides for the distribution of vested accrued benefits at the participant's election within a reasonable period of time after the participant's date of termination from employment.

Plaintiff was employed by Leffler & Mosley, P.C. for over seven years, resigning from the firm on December 8, 2010.  Seven months later, on July 28, 2011, Plaintiff sent a letter to Leffler that sought information concerning the available forms of payment for a distribution of the Plaintiff's benefits under the Plan.  Leffler responded by letter on August 9, 2011, and stated that the Plan could not, by law, pay out the Plaintiff's benefits because the Adjusted Funding Target Attainment Percentage for the Plan was less than sixty percent.  On February 23, 2012, after continued inquiry from the Plaintiff, Leffler again informed him that the Plan was unable to distribute the Plaintiff's vested accrued benefits.

2

Plaintiff responded by bringing this action pursuant to ERISA on April 9, 2012. Specifically, in Count I, the Plaintiff seeks a judgment declaring that he is presently entitled to a lump sum distribution of his vested accrued benefits. In Count II, the Plaintiff seeks a judgment declaring that his vested accrued benefits will be ascertained according to the formula set forth in the Plan despite any purported reduction in the ERISA § 204(h) notice. In Count III, the Plaintiff asserts a claim for breach of fiduciary duty against Leffler, as trustee and administrator of the Plan, and seeks the removal of Leffler from any fiduciary role he undertakes in connection with the Plan. In Count IV, the Plaintiff seeks statutory penalties against Leffler, as trustee and administrator of the Plan, for his failure to provide requested Plan documents to the Plaintiff. In Count V, Plaintiff seeks statutory Penalties against Leffler, as trustee and administrator of the Plan, for his discriminatory interference with the Plaintiff's attainment of ERISA rights under the Plan. Defendants now move for Partial Judgment on the Pleadings, seeking the dismissal of Counts III and V.

In the Fourth Circuit, a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is governed by the same standards as a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil

3

Procedure 12(b)(6). <u>Burbach Broad Co. of Del. v. Elkins Radio Corp.</u>, 278 F.3d 401, 405-06 (4th Cir. 2002) (internal citations omitted) ("the distinction is one without difference, as we . . . apply[] the same standard for Rule 12(c) motions as for motions made pursuant to Rule 12(b)(6)."). A motion for judgment on the pleadings, therefore, tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." <u>King v. Deutsche Bank Nat'l Trust Co.</u>, No. 3:10CV41, 2010 U.S. Dist. LEXIS 100851, at *7 (E.D. Va. Sept. 21, 2010). Naturally, "a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff." <u>Id</u>.

Defendants first move for judgment on Count III and argue that the Plaintiff is precluded from asserting a breach of fiduciary duty claim that seeks removal of Leffler as trustee of the Plan because, by that Count, the Plaintiff wrongfully seeks additional individualized equitable relief under Section 502(a)(3) of ERISA for injuries that are adequately addressed by the statutory relief he seeks in Counts I and II. The Plaintiff contends, however, that Count III is not brought pursuant to Section 502(a)(3) of ERISA but under Section 502(a)(2), which allows for a plan participant to seek equitable relief so long as the equitable relief is sought on behalf of the plan and its

participants and beneficiaries.  A review of ERISA's enforcement scheme under Section 502(a)(2) is helpful.

Section 502(a)(2) of ERISA provides a plan participant or beneficiary with a civil cause of action against a benefit plan fiduciary for a breach of fiduciary duty under 29 U.S.C. § 1109(a) (West 2012).  Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134, 140 (1985).  However, the Supreme Court concluded that a Section 502(a)(2) claim for relief does not allow individual participants or beneficiaries to recover damages for themselves.  Id. at 144.  Rather, parties who sue under Section 502(a)(2) must do so as a representative of a benefit plan and its participants and beneficiaries as a whole. Id. at 140.

Here, the Plaintiff fails to state a claim in Count III on which recovery can be had because Section 502(a)(2) unequivocally prohibits recovery for individualized equitable relief.  The Plaintiff expressly states in his Opposition to this Motion that Count III is brought pursuant to Section 502(a) and seeks the requisite plan-related relief in addition to individualized equitable relief.  Specifically, the Plaintiff submits a sole allegation from the Complaint in support:

> Leffler, in his capacity as Plan Trustee and Plan
> Administrator, owed a fiduciary duty pursuant to ERISA
> to discharge his duties with respect to the Plan
> solely in the interest of the Participants and for the
> exclusive purposes of providing benefits to plan

participants and defraying reasonable expenses of administering the Plan, and without materially misleading Participants through misrepresentations of their rights.

Although this allegation identifies alleged wrongs to the Plan and its participants, it does not, without more, indicate that the Plaintiff hereby seeks plan-related relief on behalf of the Plan and its participants. Moreover, the other allegations in Count III, taken together, overwhelmingly demonstrate the Plaintiff seeks Leffler's removal as trustee based upon individualized harms to the Plaintiff and not in a representative capacity on behalf of the plan and its beneficiaries. However, even if the pleadings sufficiently demonstrate that the Plaintiff seeks plan-related relief in Count III, the fact that the Plaintiff also seeks proscribed individualized equitable relief would still foreclose a recovery under Section 502(a)(2). For these reasons the Plaintiff fails to state a claim under Section 502(a)(2) of ERISA.

Alternatively, the Plaintiff contends that the individual equitable claims brought in Count III state a claim under Section 502(a)(3) of ERISA because the legal remedies sought in Counts I and II of the Complaint are inadequate to fully address the wrongs in this case. Although the Plaintiff states this legal conclusion, he does not argue any grounds or articulate any reasons why the declaratory judgment counts seeking the

6

distribution of the withheld funds fail to adequately address the alleged wrongful conduct by the Defendants.   Accordingly, the Court finds that the Plaintiff cannot state a claim in Count III.

With respect to Count V, the Plaintiff's discriminatory interference claim under Section 510 of ERISA, the Defendants argue for dismissal because the Plaintiff fails to allege that the Defendants took an adverse employment action against him so as to interfere with the Plaintiff's rights.   In contrast, the Plaintiff argues that there is no adverse employment action, in conjunction with the attainment of a plan right, requirement to state a Section 510 claim because the language of the statute uses the words "plan participants," and not employees; participants being a term that is defined to include former employees as well as current employees.

Section 510 of ERISA provides in pertinent part that "[i]t shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for . . . the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan . . . ."   29 U.S.C. 1140 (West 2012). The Fourth Circuit concluded that the term "discriminate against," as used in Section 510, only applies to adverse conduct engaged in by the Defendant within the employer-employee

relationship.  Stiltner v. Beretta U.S.A. Corp., 74 F.3d 1473,
1484 (4th Cir. 1996) (internal citations omitted).  In other
words, to sufficiently allege a discriminatory interference
claim under Section 510 of ERISA in this Circuit, a plaintiff
must allege that he or she was discharged, fined, suspended,
expelled, disciplined, or discriminated against with regard to
his or her employment for the purpose of interfering with the
Plaintiff's attainment or exercise of right to which he or she
is entitled to under a benefit plan.  Id.; See also Goode v.
American Veterans, Inc., No. 8:11CV2414, 2012 U.S. Dist. LEXIS
83280, at *49 (D. Md. June 15, 2012) (internal citation
omitted).

Here, the Plaintiff fails to state a claim in Count V
because the Plaintiff does not and cannot allege, as he must,
that Leffler or any other Defendant took any adverse employment
action against him.  Plaintiff discloses in the Complaint that
he voluntarily resigned from his employment with the law firm,
and does not allege any adverse conduct during the period of his
employment of the firm.  In fact, it was months after the
Plaintiff's resignation that he alleges that Leffler interfered
with his attainment of rights under the Plan.  Because the
Plaintiff's Section 510 claim admittedly arose after the
employer-employee relationship was voluntarily terminated,
Plaintiff cannot satisfy the adverse employment action

requirement and fails to state a claim in Count V on which recovery may be had.

For the foregoing reasons, the Court will grant the Defendants' Partial Motion for Judgment on the Pleadings.

An appropriate order shall issue.

_____/s/_____
Claude M. Hilton
United States District Judge

Alexandria, Virginia
August 30, 2012

9